```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| KENNATH ARTEZ HENDERSON, | |
| Petitioner, | |
| vs. | No. 06-02050-JDB-tmp |
| RICKY BELL, Warden, Riverbend Maximum Security Institution, | |
| Respondent. | |

**ORDER DENYING PETITIONER'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and W.D. Tenn. L. R. 72.1(g)(1), Petitioner Kennath Artez Henderson, a death-sentenced inmate incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed objections to the Magistrate Judge's April 4, 2007, order granting in part and denying in part his motion for leave to conduct discovery in support of his habeas corpus petition. For the reasons stated below, Petitioner's objections are DENIED.

**I. BACKGROUND**

Henderson has filed an amended habeas corpus petition challenging his conviction and sentence of death. On December 15, 2006, he submitted a motion for leave to serve subpoenas requiring the production of

> (1) All documents in the possession, custody, or control of the Tennessee Bureau of Investigation or the Tennessee Bureau of Investigation Laboratory respecting

Kennath Henderson or Natonya Cobb related to the death of Tommy Bishop and the kidnaping, robbery and assaults that took place at the dentist office of Dr. John Cima, and the investigation of these incidents;

(2) All documents in the possession, custody, or control of the Federal Bureau of Investigation, the Alcohol, Tobacco, and Firearms Bureau, the Memphis Police Department, and the Shelby County Sheriff respecting the investigation of O'Brian Cleary ("O.C.")Smith as to allegations that he wrapped himself in barbed wire and strapped a live bomb to his chest which resulted in an indictment and his arrest in United States v. O'Brian Cleary ("O.C.") Smith, No. 04-20054 (W.D.Tenn. 2004);

(3) All documents in the possession, custody, or control of the University of Tennessee School of Medicine, Shelby County Medical Examiner, and the Regional Forensic Center respecting any investigations, disciplinary actions, or personnel actions taken against O.C. Smith both as it relates to his duties as a medical examiner and as to allegations that he wrapped himself in barbed wire and strapped a live bomb to his chest which resulted in an indictment and his arrest in United States v. O'Brian Cleary ("O.C.") Smith, No. 04-20054 (W.D.Tenn. 2004);

(4) All documents in the possession, custody, or control of the Board of Medical Examiners for the State of Tennessee Department of Health respecting any complaints, investigations, disciplinary actions, or personnel actions taken against O'Brian Cleary Smith both as it relates to his duties as a medical examiner and as to allegations that he wrapped himself in barbed wire and strapped a live bomb to his chest which resulted in an indictment and his arrest in United States v. O'Brian Cleary ("O.C.") Smith, No. 04-20054 (W.D.Tenn. 2004); and

(5) All documents in the possession, custody, or control of the Fayette County District Attorney General's Office respecting the policies of that office with respect to any determination to seek or not seek the death sentence in a first degree murder case, including a list of all first degree murder cases prosecuted in the county since 1980, whether a death sentence was sought, the race of the defendant(s) and victim(s) in each case, and the case's disposition.

Petitioner also requested leave to conduct a deposition of Jimmie German, the former Fayette County Circuit Court Clerk, respecting his knowledge of the selection of the grand jury and grand jury foreperson in Fayette County during the time relevant to the petition. Respondent, Ricky Bell, Warden, filed a response in opposition to each of Petitioner's requests.

On April 4, 2007, Magistrate Judge Tu Pham entered an order granting Henderson's request for leave to serve subpoenas on the T.B.I. and T.B.I. Laboratory, but denying all other discovery requests. As to Petitioner's requests for leave to serve subpoenas on law enforcement agencies and employers or professional licensing agencies related to Dr. Smith, Magistrate Judge Pham found that, in the absence of a specific allegation about the truthfulness of Dr. Smith's testimony at Petitioner's sentencing hearing, Petitioner had failed to demonstrate the requisite "good cause" for discovery concerning Dr. Smith's employment or the 2003 incident described in Petitioner's motion. Regarding his requests for leave to serve a subpoena on the Fayette County District Attorney's Office and to depose Mr. German, the Magistrate Judge held that, for the time being, discovery was not warranted in light of Respondent's assertion that the habeas claims underlying Petitioner's requests appear to be procedurally defaulted. Considering the nature of the claims and the type of discovery requested, the Magistrate Judge reasoned that discovery as to the merits of Petitioner's claims

would not aid the Court in disposing of the threshold issue of whether the claims are procedurally defaulted. Accordingly, Magistrate Judge Pham provisionally denied Petitioner's requests pending a final determination on the issue of procedural default.

## II.  STANDARD OF REVIEW

When reviewing a Magistrate Judge's ruling on a nondispositive preliminary matter, this Court applies a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001). The nature of the Court's review under the "contrary to law" prong is self-evident. Under the "clearly erroneous" prong of the Court's inquiry, the Court will not disturb the Magistrate Judge's findings of fact merely because the Court might have drawn a contrary conclusion. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). Rather, this Court must affirm the findings of the Magistrate Judge unless, "on the entire evidence[, the Court] is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

## III. SUBSTANCE OF PETITIONER'S OBJECTIONS

Henderson contends that the Magistrate Judge's order is both clearly erroneous and contrary to law. He first objects to Magistrate Judge Pham's conclusion that he has not shown "good cause" for the requested discovery of documents related to Dr.

4

Smith.  He contends that the Magistrate Judge clearly erred in concluding that none of the claims in the petition support the discovery requests related to Dr. Smith.  Petitioner maintains that his claim challenging the constitutionality, applicability, and sufficiency of the evidence in support of Tennessee's "knowingly created a great risk of death to two or more persons" aggravating circumstance justifies his discovery of materials related to Dr. Smith.  Petitioner also contends that the Magistrate Judge's ruling is contrary to law, as established by the Supreme Court in Bracy v. Gramley, 520 U.S. 899 (1997), because the Magistrate Judge found that the events involving Dr. Smith in 2003 have nothing to do with Dr. Smith's testimony at Petitioner's sentencing in 1998.  Henderson argues that the Magistrate Judge's conclusion openly conflicts with Bracy, because in that decision the Supreme Court found "good cause" for a discovery request related to a claim of judicial bias where the judge's corruption was not discovered until years after the petitioner's trial.

The inmate next objects to the Magistrate Judge's denial of leave to serve subpoenas on the Fayette County District Attorney's Office and to depose Mr. German.  He claims that Magistrate Judge Pham has incorrectly, and prematurely, deemed the habeas claims underlying these requests procedurally defaulted.  He first contends, without citing to any part of the record, that he has exhausted each of his claims in the Tennessee state courts.  He

also claims that, even if the claims were not exhausted, he "has pleaded ineffective assistance of counsel, which can serve as cause for the default." Petitioner's Objections, doc. no. 39 at fourth unnumbered page.

**IV. ANALYSIS**

    **A.   Records Related to Dr. Smith**

The Magistrate Judge's conclusion that Petitioner has failed to establish "good cause" for the requested discovery of law enforcement and employment records related to Dr. Smith is neither clearly erroneous nor contrary to law. Magistrate Judge Pham correctly observed that none of the allegations in the petition challenge the credibility of Dr. Smith. Petitioner's claim, in ¶ 14 of the petition, about the constitutionality, applicability, or sufficiency of the evidence in support of a particular aggravating circumstance does not on its face, or even by implication, remotely set forth an allegation that Dr. Smith committed perjury at Petitioner's sentencing. Apart from the constitutional vagueness challenge, the claim challenges the applicability of the aggravating factor based on the evidence - purported to be, exclusively, the testimony of Dr. Smith - adduced during sentencing. Thus, the claim appears to assume that the evidence itself was reliable and only challenges the trial court's finding that the evidence supported the aggravator. <u>See</u> Petition at ¶ 14(b)(1). There simply is no express or implicit allegation about

the credibility of Dr. Smith or the reliability of his testimony. Nor has Petitioner offered a specific allegation of fact concerning the withholding of evidence related to Dr. Smith.  The Magistrate Judge was correct to observe that, even had Petitioner alleged some claim about the withholding of evidence related to the credibility of Dr. Smith, documents related to the 2003 incident cannot be considered exculpatory for purposes of Petitioner's plea and sentencing in 1998, and employment or professional records related to Dr. Smith would have, at best, provided a means to impeach Dr. Smith, rather than constituting exculpatory evidence.

The Magistrate Judge's ruling is not "contrary to law," as it does not, despite Petitioner's assertion, "ignore" Bracy.  Rather, Bracy simply does not entitle Petitioner to the relief he requests. In Bracy, the habeas petitioner made a specific habeas allegation that his due process rights had been violated because, contemporaneously with his trial, the trial judge was taking bribes from other criminal defendants and was, therefore, unduly "prosecution oriented" at Bracy's trial in an effort to deflect suspicions about his corruption.  Bracy, 520 U.S. at 902.  In support of the specific allegations of his petition, Bracy relied upon the judge's indictment and conviction on bribery charges, and he highlighted a number of circumstances which indicated that the result of his trial was a foregone conclusion. See id. at 907-08 (noting that the judge appointed a former associate as Bracy's

7

attorney, that at least one other former associate of the judge had bribed him, and that, after his appointment in Bracy's capital case, counsel promptly announced his readiness to proceed to trial and never requested additional time to prepare). These specific allegations that the trial judge was corrupt in his handling of Bracy's case in particular were integral to the Court's finding that good cause had been shown. <u>Id.</u> at 909.

In contrast, and as noted above, Petitioner has not made even a general, much less a specific, allegation regarding the credibility of Dr. Smith in the petition. Petitioner's assertion that he has "alleged that Smith's actions indicate his propensity to go outside the boundaries of professional conduct in capital cases . . . [and] that Smith testified beyond the realm of his professional knowledge," Memorandum in Support of Petitioner's Objections, doc. no. 39 at third unnumbered page, thus misrepresents the part of the petition which he claims harbors these allegations. The Court reiterates that ¶ 14 of the petition only challenges the constitutionality, applicability, and sufficiency of the evidence in support of the "knowingly created a great risk of death to two or more persons" aggravating circumstance. There is no challenge to the credibility of Dr. Smith which can be inferred from ¶ 14. To the extent that Petitioner has made such allegations in other pleadings, he has failed to demonstrate that they are related to any claim which

8

might, if proven, entitle him to relief from his conviction or sentence. It thus appears that Henderson's request to discover documents related to Dr. Smith is nothing more than a prohibited "fishing expedition." Because Petitioner has not made specific allegations of fact regarding the credibility of Dr. Smith in connection with some claim for relief in the petition, he has failed to demonstrate good cause for the discovery of employment or law enforcement records concerning Dr. Smith. Accordingly, the Magistrate Judge's order denying such discovery is not clearly erroneous or contrary to law.

### B. Requests to Serve Subpoenas on the Fayette County District Attorney General's Office and Depose Jimmie German

Magistrate Judge Pham's ruling that Petitioner has not yet satisfied the good cause requirement as to these requests is not clearly erroneous or contrary to law. The Magistrate Judge held that, while the requests are supported by relevant and specific allegations in the petition, an assessment of good cause should also take into account whether or not the underlying claims may be procedurally defaulted.

It is important to clarify that the Magistrate Judge has not determined that the relevant claims are procedurally defaulted. Rather, he has held that the appearance of a procedural default should, given the nature of the claims and the type of discovery requested, preclude discovery on the merits of the claims until the

9

issue of procedural default is finally resolved. Petitioner cites no authority conflicting with this proposition. Instead, Henderson contends that the Magistrate Judge, while paying lip service to Chief Judge James Todd's discovery order in Hall v. Bell, no. 05-1199, doc. no. 39, in which Chief Judge Todd granted that petitioner's discovery request over the Respondent's assertions of procedural default, has clearly erred in reaching a different result in this case.[1] However, Chief Judge Todd's order in Hall is easily distinguishable from the instant matter. He granted Hall's discovery requests, despite Respondent's contention that Hall's claims were procedurally defaulted, because each of Hall's discovery requests was related to specific allegations about the withholding of exculpatory evidence. Chief Judge Todd noted that the withholding of evidence can, in certain circumstances, provide the "cause" necessary to excuse a petitioner's default of his habeas claims in the state courts. Because discovery in a habeas case is permissible in order to obtain a factual basis for excusing a default, see Payne v. Bell, 89 F.Supp.2d 967, 974 (W.D. Tenn. 2000), Chief Judge Todd refused to deny Hall his requested discovery to the extent it pertained to claims of withheld evidence. Thus, while Chief Judge Todd permitted discovery as to

---

[1] Notably, Chief Judge Todd's order, to which Petitioner urges the Court to afford considerable deference, also denied Hall's request to serve subpoenas related to Dr. Smith's testimony at his trial, given the lack of any specific allegation concerning the truthfulness of Dr. Smith's testimony. Predictably, Petitioner has not suggested that any attention is owed to that portion of Chief Judge Todd's order.

10

the merits of Hall's withholding of evidence claims, the reason discovery was granted was, ostensibly, so that Hall could discover a factual basis to excuse any asserted default of those claims.

In this case, however, the habeas claims underlying Petitioner's requests for leave to serve subpoenas on the Fayette County District Attorney and to depose Jimmie German are not concerned with the withholding of exculpatory evidence. Rather, the claims are that Fayette County in particular, and Tennessee in general, lack any standards guiding the decision to seek the death penalty, see Petition at ¶ 19, that the Fayette County District Attorney General exercised her discretion to seek the death penalty in a racially discriminatory manner, id., that counsel was ineffective for failing to challenge the District Attorney's alleged discriminatory exercise of her discretion, id. at ¶ 9(m), and that the grand jury was improperly constituted, id. at ¶ 20. The Magistrate Judge correctly observed that, unlike a claim involving allegations of withheld evidence, the issue of whether or not Petitioner may demonstrate cause for the asserted default of these claims is not entwined with the actual merits of the claims. That is, whether these claims are defaulted does not hinge on the veracity of an allegation that the State has suppressed exculpatory evidence. Instead, the issue of procedural default will turn on whether and to what extent Henderson has previously presented these claims, including his specific allegations of ineffective

11

assistance of counsel, in the state courts. Although Petitioner maintains, without citing to any portion of the record, that he has presented each of his claims in the state courts, from the Court's preliminary review of the relevant portions of the record, it appears that the discrete claims at issue, including the claims of ineffective assistance which Petitioner asserts provide him with "cause" for any default, have not been exhausted in the state courts. Given the nature of these claims and the type of discovery requested, discovery on the merits of these claims will not provide Petitioner with the "cause" - in this instance, essentially, a finding that Petitioner's allegations of ineffectiveness are not themselves defaulted - necessary to overcome an asserted procedural bar.[2]

## V. CONCLUSION

The Magistrate Judge's order granting in part and denying in part Petitioner's Motion For Leave to Serve Subpoenas is not clearly erroneous or contrary to law. Accordingly, Petitioner's objections to the Magistrate Judge's order are DENIED.

---

[2] It bears mentioning that, in light of the regard Petitioner holds for Chief Judge Todd's analysis in Hall, Chief Judge Todd has also previously denied discovery to a habeas petitioner "because the information sought would not establish cause and prejudice for the asserted procedural default of [the petitioner's] ineffective assistance of counsel claim." Owens v. Guida, 2002 WL 1398544 at *2 (W.D. Tenn. 2002). This is the precise rationale articulated by the Magistrate Judge in denying Petitioner's requests for leave to serve subpoenas on the Fayette County District Attorney General and to depose Jimmie German.

IT IS SO ORDERED this 1st day of June, 2007.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE