IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

KENNATH ARTEZ HENDERSON,

    Petitioner,

vs.                                                    No. 06-2050-B/P

RICKY BELL, Warden, Riverbend
Maximum Security Institution,

    Respondent.

---

ORDER DENYING WITHOUT PREJUDICE
PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD
CASE IN ABEYANCE PENDING EXHAUSTION OF STATE COURT REMEDIES

---

On January 31, 2008, Petitioner, Kennath Artez Henderson filed a motion (doc. 49) seeking to stay all proceedings in this matter and hold the case in abeyance in order to permit the state courts to address the claim that there was discrimination in the selection of the grand jury and grand jury foreperson. Respondent filed a response (doc. 52) in opposition to the motion on February 5, 2008.

Petitioner pled guilty to one count of premeditated murder, two counts of especially aggravated kidnaping, and one count each of attempted especially aggravated kidnaping, aggravated robbery, aggravated assault, and felonious escape in connection with the May 2, 1997, murder of Fayette County Sheriff's Deputy Tommy Bishop. State v. Henderson, 24 S.W.3d 307, 310-11 (Tenn. 2000), cert. denied, 531 U.S. 934 (2000). The denial of Petitioner's state-court application for post-conviction relief was affirmed on appeal.

Henderson v. State, 2005 WL 1541855 (Tenn. Crim. App. June 28, 2005). Petitioner filed his Amended Petition for Writ of Habeas Corpus (doc. 16) on July 28, 2006.

Respondent submitted his answer to the amended petition (doc. 18) on October 12, 2006, in which he asserted that Petitioner's claim of discrimination in the selection of the grand jury and the grand jury foreperson was never raised in state court and, because there is no longer any available procedure for raising the claim, it is deemed exhausted and is procedurally barred (id. at 51; see also response, doc. 52 at 1, 3). Yet, Petitioner asserts that a motion to reopen his post-conviction proceeding under Tenn. Code Ann. § 40-30-117[1] is an "arguably" available state court remedy to exhaust his claim. (Motion, doc. 49 at 1.) Respondent correctly points out that a motion to reopen a post-conviction proceeding is appropriate only in limited circumstances and further argues that Petitioner's situation does not fall into one of the statutory categories that allow for the reopening of a post-conviction proceeding (response, doc. 52 at 2-3).

Because the state court has not granted leave to reopen, Petitioner's motion to stay the proceedings is premature. Therefore, there is currently no basis for staying all proceedings on this petition.

---

[1] Petitioner incorrectly cited the applicable statute as Tenn. Code Ann. § 40-30-217(a)(1).

2

The Court DENIES the motion to stay and to hold the case in abeyance without prejudice to its refiling in the event of materially changed circumstances.  Petitioner is ORDERED to promptly keep this Court informed concerning the resolution of his motion to reopen pending before the state court.

IT IS SO ORDERED this 25th day of February, 2008.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE