```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```

KENNATH ARTEZ HENDERSON,

    Petitioner,

vs.                                  No. 06-2050-STA-tmp

Roland Colson, Warden, Riverbend
Maximum Security Institution,

    Respondent.

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
AND
TO EXPAND CERTIFICATE OF APPEALABILITY

On October 11, 2011, the Court entered an order denying the petition filed pursuant to 28 U.S.C. § 2254 and granting a limited certificate of appealability. (ECF No. 91.) Judgment was entered on October 24, 2011. (ECF No. 92.) On November 7, 2011, Petitioner Kennath Henderson filed a motion to alter or amend judgment and to expand the certificate of appealability. (ECF No. 93.) On November 22, 2011, Respondent Roland Colson filed a response. (ECF No. 94.)[1]

I.    Motion to Alter or Amend Judgment

Rule 59(e) of the Federal Rules of Civil Procedure allows district courts to alter, amend, or vacate a prior judgment. Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). The

---

[1] Respondent relies on his previous briefs and the Court's orders. (ECF No. 94 at 1.)

purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting York v. Tate, 858 F.2d 343, 348 (6th Cir. 1988)) (internal quotation marks omitted). It permits courts to amend judgments when there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006)). The Sixth Circuit has repeatedly held that

> Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case."

Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted). A district court has considerable discretion in deciding whether to grant a Rule 59 motion. Leisure Caviar, LLC v. U.S. Fish & Wildlife Service, 616 F.3d 612, 615 (6th Cir. 2010).

The focus of Petitioner's motion is Claim 8 - ineffective assistance of counsel in trial preparation and related to the guilty pleas. (ECF No. 93 at 5; see ECF No. 16 at 4-12.) The Court addressed Petitioner's claims that counsel failed to: (1) educate themselves about issues that might be presented as a defense (¶ 8(c)); (2) investigate or develop guilt phase defenses (¶ 8(g)); (3) fully represent Henderson when they advised him to enter guilty

pleas (¶ 8(h)); and (4) consider and develop a theory of defense to intentional murder or the associated felonies (¶ 8(l)). (See ECF No. 91 at 15-36; see also ECF No. 16 at 8-9, 11.)[2] Petitioner contends that the judgment should be altered because there has been: (1) a clear error of law; (2) an intervening change in controlling law; and (3) a need to prevent manifest injustice. (ECF No. 93 at 2.) He argues that the Court should amend its judgment barring relief on Claim 8, find that the Tennessee Court of Criminal Appeals' decision is contrary to and an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985), and conduct a de novo review of Claim 8 allowing consideration of new evidence. (Id. at 2-9.) Petitioner argues that, in the alternative, the Court should order an evidentiary hearing. (Id. at 9.) He contends that deference to 28 U.S.C. § 2254(d)(1) is not required and that Cullen v. Pinholster, 131 S. Ct. 1388 (2011), does not bar the consideration of evidence not contained in the state court record. (Id. at 4-8.) Petitioner argues that the Tennessee Court of Criminal Appeals required him to prove that but for counsel's advice, he would have been acquitted, rather than using the "reasonable probability" language of Strickland. (ECF No. 93 at 5.)

Under the Antiterrorism and Effective Death Penalty Act of

---

[2] Petitioner notes the denial of his ineffective assistance of counsel claim related to the waiver of jury sentencing (see ECF No. 93 at 3 n.3, 5, & 7-8), but he does not seek Rule 59 relief for this claim. (See id. at 2, 11.)

1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) ("AEDPA"), a district court may not grant a writ of habeas corpus on a claim adjudicated on the merits unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in the light of the evidence presented. See 28 U.S.C. § 2254(d). Because Claim 8 was adjudicated on the merits in state court, de novo review would only be appropriate if the state court decision did not meet the requirements of § 2254(d). See Holder v. Palmer, 588 F.3d 328, 343 (6th Cir. 2009) ("When a state court applies a decisional rule that is contrary to Supreme Court precedent, the deferential standard of review of § 2254(d)(1) does not apply and de novo review is appropriate.").

A state court's decision violates the "contrary to" clause if the state court's decision "applies a rule that contradicts the governing law" set forth in Supreme Court cases. Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Pinholster, 131 S. Ct. at 1399. Qualification for AEDPA deference does not require citation or awareness of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). A habeas court's focus is properly on the substance rather than the form of the

4

state court's decision. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

In the instant case, the Tennessee Court of Criminal Appeals cited the appropriate Supreme Court precedent in Strickland and Hill and repeatedly used the "reasonable probability" language in its analysis of the ineffective assistance claims. Henderson v. State, No. W2003-01545-CCA-R3-PD, 2005 WL 1541855, at **30-31, 33 & 36 (Tenn. Crim. App. June 28, 2005). The court was clearly aware of the appropriate standard although it was imprecise in its language. In addressing counsel's advice about the guilty plea, the court stated,

> A defendant asserting that his counsel was ineffective must show more than that counsel's advice was merely wrong. He must also show that it was completely unreasonable so that it bears no relationship to a possible defense strategy. Further, the petitioner must show that *but for trial counsel's advice, he would not have pled guilty and would have insisted on going to trial.* There is no dispute that the evidence establishing the petitioner's guilt as to the first degree murder of Deputy Bishop was overwhelming. Also, the petitioner has failed to establish that trial counsel's advice regarding entry of a guilty plea was unreasonable.

Henderson, 2005 WL 1541855, at *38 (citation omitted) (emphasis added).

Imprecise language in stating the Strickland prejudice standard has not consistently been held to establish that a decision is contrary to Supreme Court precedent. See Holland v. Jackson, 542 U.S. 649, 654-55 (2004) (per curiam) (reversing the Sixth Circuit's determination that the state court acted contrary

5

to federal law by requiring proof of prejudice by a preponderance of the evidence rather than by a reasonable probability, noting it is required that "state-court decisions be given the benefit of the doubt" and that "[r]eadiness to attribute error is inconsistent with the presumption that state courts know and follow the law"); see also Woodford v. Visciotti, 537 U.S. 19, 23-24 (2002) (per curiam) (ruling that the state court's "occasional shorthand reference" to the Strickland prejudice standard was not a "repudiation of the standard"); see also Gosnell v. Hodge, No. 2:07-CV-130, 2010 WL 3521748, *5 (E.D. Tenn. Sept. 7, 2010) ("In light of Supreme Court precedent on the subject, this Court does not find that the state court repudiated the governing rule in *Strickland* by its omission of the words "reasonable probability" from its recitation of the prejudice test"); see also Ventura v. Att'y Gen., 419 F.3d 1269, 1285-86 (11th Cir. 2005) (A misstatement of the law may be insufficient to find a state court decision contrary to clearly established law; rather, the state court's decision must have resulted from its application of an incorrect standard).

Petitioner argues that in Smith v. Bell, 381 F. App'x 547, 550 (6th Cir. 2010), the Sixth Circuit held that the application of the same outcome determinative test used in the instant case eliminated deference to the state court's decision. (ECF No. 93 at 5.) Unlike in the instant case, the state court in Smith repeatedly stated

6

that Smith had not demonstrated how the outcome of the trial would have been different, changed, or altered. Smith v. State, No. 0C01-9702-CR-00048, 1998 WL 345353, \*\*18, 20-25 (Tenn. Crim. App. June 30, 1998). The state court did not cite the "reasonable probability" language from Strickland, but instead stated that Smith must prove that the result of the trial "would have likely been different." Id. at \*17.

Petitioner cites Morris v. Colson, No. 07-1084, (W.D. Tenn. Sept. 29, 2011) (ECF No. 58 at 50, 54), for the Court's choice to use de novo review "out of an abundance of caution" in analyzing the petitioner's claims. (No. 06-2050, ECF No. 93 at 6-7.) The Court's choice to exercise de novo does not establish a clear error of law. See Berghuis v. Thompkins, 130 S. Ct. 2250, 2265 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review").

During the post-conviction proceedings, Petitioner did not present any facts that would prove he did not commit the crimes or that they did not occur in the manner described at trial. There were several eyewitnesses, and Petitioner was apprehended soon after the incident driving a victim's truck. Henderson, 2005 WL 1541855, at \*\*1-2, 14. The evidence of Petitioner's guilt was

overwhelming.[3] Petitioner did not testify at the post-conviction evidentiary hearing, and there is no evidence in the state court record that but for counsel's alleged deficiencies, there is a reasonable probability that Petitioner would not have pled guilty. Henderson, 2005 WL 1541855, at *37. The record demonstrated that Petitioner was interested in pleading guilty as a show of remorse. Id. at *8.[4]

The Tennessee Court of Criminal Appeals was clearly aware of the appropriate standard. The "reasonable probability" prejudice standard addresses whether counsel's errors undermine confidence in the outcome. Woodford, 537 U.S. at 24 ; Strickland, 466 U.S. at 694. The court's focus on the overwhelming evidence of Petitioner's guilt demonstrates the court's confidence in the outcome. The court's decision does not contradict Strickland.

De novo review and the consideration of new evidence under Pinholster is not appropriate because the claim did not survive the § 2254(d) bar. Petitioner has failed to demonstrate a clear error of law, an intervening change in the law, or a need to prevent

---

[3] Petitioner's trial counsel was not aware of a substantial amount of information relevant to the penalty phase about the Petitioner. (See ECF No. 91 at 54-55, 58.)

[4] To the extent Petitioner may contend that further investigation might have led to an insanity defense or demonstrated that he was incompetent to stand trial, these claims were not supported by the state court record. Henderson, 2005 WL 1541855, at **15, 42-43. As the Tennessee Court of Criminal Appeals noted, presenting Petitioner's diagnosis of bipolar disorder as evidence would have required the introduction of evidence of his escalating history of violent crime which posed considerable risk. Id. at **42-43.

manifest injustice that would justify altering or amending the judgment. The motion to alter or amend the judgment is DENIED.

II.  Motion to Expand Certificate of Appealability ("COA")

Petitioner contends that that Court should grant a COA for Claims 8, 10, 11, 12, and 14-33 because the denial of relief is debatable under Miller-El v. Cockrell, 537 U.S. 322 (2003). (ECF No. 93 at 2, 10.) The Court finds no basis for an expansion of the limited COA granted in its October 11, 2011 order. The motion to the expand the COA is DENIED.

IT IS SO ORDERED this 19th day of December, 2011.

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE